UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

WILLIAM E. FORTUNE

    v.                                        Case No. 25-cv-00377-SM-TSM

NH DEPARTMENT OF SAFETY, ET AL.

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

Self-represented Plaintiff, William E. Fortune, brings this suit (Doc. No. 1) for injunctive relief against the New Hampshire Department of Safety, Division of Motor Vehicles ("Department"), New Hampshire Governor Kelly Ayotte, the National Service Bureau, Inc. ("NSB"), and Farmers Insurance, seeking, among other things, to restore his driver's license and registration. Plaintiff's Motion to Dismiss Farmers Ins. & Replace with State Farm Mutual is before the court for a report and recommendation.[1] Doc. No. 3. For the reasons that follow, the court recommends that the district judge grant Plaintiff's motion.

### BACKGROUND

The court draws the following facts from Plaintiff's complaint. Doc. No. 1. This matter stems from a July 11, 2024, automobile accident involving Plaintiff. See id. at pgs. 4-5. The accident led to a claim for property damage, which was paid by State Farm Mutual on behalf of its insured. See id. at pg. 4. On February 5, 2025, the NSB sent Plaintiff a Notice of Insurance Claim for $15,016.92 on behalf of their client, State Farm Mutual. Id. The notice stated that State Farm Mutual "paid $15,016.92 in damages on behalf of their insured" and demanded payment from

---

[1] Although filed as a motion to dismiss, the court deems the filing as a motion to amend because Plaintiff seeks to substitute a party.

Plaintiff.  Id.  On February 14, 2025, NSB sent a letter to the Department requesting the suspension of Plaintiff's driver's license and vehicle registration due to Plaintiff's failure to pay the requested amount.  Id. at pg. 5.

The Department notified Plaintiff, on February 20, 2025, of the indefinite suspension of Plaintiff's operating privileges arising from his nonpayment of NSB's demand.  Id.  To lift the suspension, the Department required Plaintiff to meet several conditions, including paying a $100.00 restoration fee, providing a security or a signed settlement agreement resolving the claim for property damage with State Farm (or an approved conditional payment plan for the amount owed), and a form SR-22 proof of insurance.  Id.  On or about March 9, 2025, Plaintiff requested an administrative hearing on the matter.  Id.  Following the hearing, Plaintiff received a second notice of suspension dated June 16, 2025.  See id. at pgs. 5-6.  Plaintiff requested a second hearing, but the Department denied his request.  See id. at pg. 6.  Plaintiff alleges that during "subsequent calls to [the Department]," he was told to "pay the Insurance Company."  Id.  Plaintiff further alleges that during a call with a supervisor at the Department on August 29, 2025, Plaintiff asked, "under what law they have the right to suspend" his license and registration, to which the supervisor informed him it was "protocol."  Id.

Plaintiff filed this lawsuit on September 29, 2025, alleging that the Department and other state actors violated state and federal laws.  See generally Doc. No. 1.  Plaintiff now moves to dismiss Farmers Insurance from this lawsuit and to add State Farm Mutual as a Defendant.  See Doc. No. 3 at pg. 1.

## DISCUSSION

Federal Rule of Civil Procedure Rule 15 sets out the requirements for amended and supplemental pleadings.  See Fed. R. Civ. P. 15.  Rule 15(a)(1) provides that a party may "amend

its pleading once as a matter of course" no later than 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Moreover, "a party may make a Rule 15(a) amendment to add, substitute, or drop parties to the action." See Washington Tr. Advisors, Inc. v. Arnold, 669 F. Supp. 3d 35, 41 (D. Mass. 2023) (citations omitted).

Here, Plaintiff moves to substitute State Farm for Farmers Insurance. Under the federal rules, Plaintiff may amend his Complaint as a matter of course no later than 21 days after serving it. See Fed. R. Civ. P. 15(a). Plaintiff filed the Complaint on September 29. The court issued summonses by mail on October 7. Plaintiff filed the motion to amend on October 9, 2025, just two days after the court issued the Summonses. Therefore, Plaintiff's motion to amend is timely, and he may amend without leave to correct or substitute parties. Accordingly, the court recommends that the district judge grant the motion under Rule 15(a). See Arnold, 669 F. Supp. 3d at 41.

## CONCLUSION

For the foregoing reasons, the court recommends that the district judge grant Plaintiff's motion to amend (Doc. No. 3). If the district judge accepts this recommendation, the Clerk's office shall substitute State Farm for Farmers Insurance on the docket. The Clerk's office shall also issue the summons form attached to Plaintiff's motion under Rule 4(b), allowing the Plaintiff to serve process on State Farm.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the

written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

October 29, 2025

cc:   William E. Fortune, pro se
      Counsel of record