UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

WILLIAM E. FORTUNE

    v.                                                Case No. 25-cv-00377-SM-TSM

NH DEPARTMENT OF SAFETY, ET AL.

REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Self-represented Plaintiff, William E. Fortune, filed this suit against the Department of Safety, DMV, Administration, Financial Responsibility Division ("DMV"); New Hampshire Governor Kelly Ayotte; State Farm Mutual;[1] and the National Service Bureau, Inc ("NSB"), seeking, among other things, to restore his driver's license and registration. Doc. No. 1. Plaintiff claims that although he served Defendants, none of the Defendants timely responded to the lawsuit. Doc. Nos. 9, 12, and 15. Accordingly, Plaintiff filed motions for default judgment against Defendants.[2] Id. For the reasons that follow, the court recommends that the district judge deny Plaintiff's motions (Doc. Nos. 9, 12, and 15).

---

[1] Plaintiff originally named Farmers Insurance as a defendant. On November 20, 2025, the district judge approved this court's report and recommendation granting Plaintiff's motion to amend (Doc. No. 3), removing Farmers and adding State Farm as a defendant (Doc. Nos. 4, 5).

[2] Plaintiff submitted letters to the clerk, which the clerk's office docketed as Motions for Default Judgment. Doc. No. 9, 15. These pleadings do not comply with LR 7.1, which requires, among other things, that "[a]ll motions must contain the word 'motion' in the title." LR 7.1(a). Plaintiff also filed a "Motion," wherein he "requests that this Court enter Judgment according to Federal Law & Court Rules" against the DMV, Governor Ayotte, and NSB. Doc. No. 12.

## BACKGROUND

### *The Lawsuit*

On July 11, 2024, Plaintiff was involved in an automobile accident, which resulted in damage. Doc. No. 1 at ¶ 10(B). On or around February 5, 2025, NSB sent Plaintiff a Notice of Insurance Claim on behalf of NSB's client, State Farm. Id. at ¶ 10(C). The Notice demanded that Plaintiff pay $15,016.92, which represented the amount State Farm paid on behalf of its insured. Id.

On or around February 14, 2025, NSB sent a copy of the Notice of Insurance Claim, along with a letter to the DMV requesting the suspension of Plaintiff's driver's license and vehicle registration. Id. at ¶ 10(D). In response, the DMV sent Plaintiff a "Notice of Suspension," which notified Plaintiff that his operating privileges were scheduled to be suspended or revoked indefinitely. Id. at ¶ 10(F). The notice advised Plaintiff that he could avoid the suspension or revocation of his operating privileges if he satisfied certain requirements, including paying a $100.00 restoration fee, providing security for the amount owed or a signed agreement with State Farm indicating that the debt was settled or detailing an agreed upon payment plan, and filing a form SR-22 proof of insurance. Id. Plaintiff requested and obtained an administrative hearing on the matter, after which he received a second notice of suspension. Id. at ¶¶ 10(G)-(H). Plaintiff requested a second hearing, but the DMV denied his request. See id. at ¶ 10(H).

Plaintiff alleges that during "subsequent calls to [the DMV]," he was told to "pay the Insurance Company." Id. at ¶¶ 10(H). Plaintiff further alleges that during a call with a supervisor at the DMV, Plaintiff asked, "under what law they have the right to suspend" his license and registration, to which the supervisor responded by informing him that it was "protocol." Id. at ¶¶

10(I).  Shortly after his interaction with the DMV, Plaintiff filed the instant suit seeking, *inter alia*, to restore his driver's license.  See id. at ¶ 9.

### *Service on Defendants*

On October 7, 2025, the court issued summonses to Plaintiff for the DMV, NSB, and Governor Ayotte, and directed Plaintiff to "print and serve the summonses and all attachments in accordance with Fed. R. Civ. P. 4."  Doc. No. 2.  The court issued a summons for State Farm on November 20, 2025, again directing Plaintiff to serve the summons in accordance with Rule 4.  Doc. No. 6.

On November 24, 2025, the court docketed returns of service that purport to show service of process on the DMV, NSB, and Governor Ayotte.  Doc. Nos. 7, 8.  As to NSB, Plaintiff filed a document showing that process was mailed to NSB via certified mail on October 15, 2025, and signed for on October 22, 2025.  Doc. No. 7.  Plaintiff purportedly engaged a Merrimack County Deputy Sheriff to serve Governor Ayotte and the DMV.  Doc. No. 8.  On October 31, 2025, the deputy sheriff delivered process to a staff assistant in the Governor's office.  Doc. No. 8.  The deputy's return indicates that the staff assistant is "designated by law to accept service of process on behalf of" Governor Ayotte and the DMV.  Id.

On January 12, 2026, the court docketed a return of service that purported to show service of process on State Farm.  Doc. No. 14.  The filing demonstrates that Plaintiff mailed process the summons and Complaint to State Farm via certified mail and that the return receipt was signed on December 3, 2025.

### *Plaintiff's Motions for Default Judgment*

On November 26, 2025, Plaintiff filed a letter with the Clerk's office, which was docketed as a motion for default judgment.  Doc. No. 9.  In his letter, Plaintiff stated he served Defendants

3

NSB, Governor Ayotte, and the DMV, but those Defendants failed to timely respond to the Complaint. Id. at pg. 1; See Doc. No. 12 (Plaintiff's second motion seeking the entry of default judgment against NSB, Governor Ayotte, and the DMV). Plaintiff filed a similar letter on January 12, 2026, regarding State Farm's failure to timely respond to this lawsuit. Doc. No. 15. In both motions, Plaintiff requests, *inter alia*, that the court "enter a Default Judgment . . . per Rule 55," award him $2.5 million in damages, and order the "immediate restoration of [his] driving privileges." Doc. Nos. 9, 15.

## LEGAL STANDARD

"[T]he entry of default judgment in federal court is governed by Federal Rule of Civil Procedure 55." Hoyos v. Telecorp Commc'ns, Inc., 488 F.3d 1, 5 (1st Cir. 2007). "Rule 55 outlines a two-step process." Dmitriev v. Mann, No. 1:21-CV-40068-NMG, 2023 WL 2988644, at *6 (D. Mass. Mar. 10, 2023). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters a default under Rule 55(a), the court may issue a default judgment under Rule 55(b)(1) or 55(b)(2).[3] See Fed. R. Civ. P. 55(b)(2).

---

[3] Rule 55(b)(1) requires the clerk to enter a default judgment "against a defendant who has been defaulted for not appearing" where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1). Rule 55(b)(2) provides that "[i]n all other cases, the [moving] party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[T]he court may enter judgment by default against a party 1) after notice and a hearing if the party has appeared in the action or 2) without notice and a hearing if no appearance has been made." Niemic v. Maloney, 409 F. Supp. 2d 32, 37 (D. Mass. 2005).

4

**DISCUSSION**

"Only after the clerk has entered a default under Rule 55(a), may a default judgment be entered under Rule 55(b)(1) or 55(b)(2)." Dmitriev, 2023 WL 2988644, at *6. Here, Plaintiff never sought entry of default pursuant to Rule 55(a), and the clerk has not entered a default for any Defendant. Consequently, Plaintiff's motions for default judgment are premature, and the district judge should deny the motions on that basis alone.

The district judge should deny Plaintiff's motion against NSB for the additional reason that NSB responded to the Complaint by filing a motion to dismiss.[4] Doc. No. 11. "'[I]f [a] defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default.'" Wells Fargo Bank v. Moskoff, No. 17-CV-136-JL, 2017 WL 11511601, at *2 (D.N.H. Nov. 14, 2017) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 at 18 (4th ed. 2016)). NSB is actively engaged in this litigation, and therefore, there is no basis for a finding of default under Rule 55(a) or a default judgement under Rule 55(b). See Niemic v. Maloney, 409 F. Supp. 2d 32, 37 (D. Mass. 2005) ("Default judgments entered pursuant to Fed. R. Civ. P. 55 are intended to protect diligent parties whose adversaries are clearly unresponsive."). Therefore, the court recommends that the district judge deny Plaintiff's motions for default judgment against Defendants.

**CONCLUSION**

For all the reasons detailed herein, this court recommends that the district judge deny Plaintiff's motions for default judgment without prejudice (Doc. No. 9, 12 and 15).

---

[4] NSB also filed an objection to Plaintiff's motion for default judgment. Doc. No. 13. In its objection, NSB contends that "NSB cannot be defaulted for failing to answer because Fortune did not properly serve NSB." Doc. No. 13 at pg. 1. Specifically, NSB argues that service by certified mail, without more, is insufficient. See Fed. R. Civ. P. 4(h); see also RSA 510:4, II.

5

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

January 27, 2026

cc:   William E. Fortune, pro se
      Counsel of Record