**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

WILLIAM E. FORTUNE

       v.                                           Case No. 25-cv-00377-SM-TSM

NH DEPARTMENT OF SAFETY, ET AL.

**REPORT AND RECOMMENDATION ON DEFENDANT**
**NATIONAL SERVICE BUREAU'S MOTION TO DISMISS**

Self-represented Plaintiff, William E. Fortune, filed this suit against the Department of Safety, DMV, Administration, Financial Responsibility Division ("DMV"); New Hampshire Governor Kelly Ayotte; State Farm Mutual;[1] and the National Service Bureau, Inc. ("NSB"), seeking, among other things, to restore his driver's license and registration. Doc. No. 1. NSB moves to dismiss the lawsuit for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 11. Plaintiff did not object to NSB's motion. For the reasons that follow, the court recommends that the district judge grant NSB's motion to dismiss.

**LEGAL STANDARD**

NSB moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a decision on the merits." Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir. 1994); see also U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241 (1st Cir. 2004) ("[I]n the

---

[1] Plaintiff originally named Farmers Insurance as a defendant. On November 20, 2025, the district judge approved this court's report and recommendation granting Plaintiff's motion to amend (Doc. No. 3), removing Farmers Insurance and adding State Farm Mutual as a defendant (Doc. Nos. 4, 5).

absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice."). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." Id.

Pro se complaints, such as Plaintiff's, are "to be liberally construed" and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, pro se litigants must "set forth factual allegations" to support their claims. Johnson v. Rapid Sheet Metal, LLC, 560 F. Supp. 3d 623, 627 (D.N.H. 2020) (citation omitted) (internal quotation marks omitted). Such allegations can be "'direct or inferential,'" with respect to "'material element[s] necessary to sustain recovery under some actionable legal theory.'" Adams v. Stephenson, 116 F.3d 464, 1997 WL 351633, at *1 (1st. Cir. Jun. 23, 1997) (per curiam) (unpublished table decision) (quoting Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

## BACKGROUND

On July 11, 2024, Plaintiff was involved in an automobile accident resulting in damage. See Doc. No. 1 at ¶¶ 10(B)-(C). On or around February 5, 2025, NSB sent Plaintiff a Notice of Insurance Claim on behalf of NSB's client, State Farm Mutual. Id. at ¶ 10(C). The Notice demanded that Plaintiff pay $15,016.92, which represented the amount State Farm paid on behalf of its insured. Id. Thereafter, on or around February 14, 2025, NSB sent Plaintiff a copy of a letter

addressed to the State, where NSB requested the suspension of Plaintiff's driver's license and vehicle registration.  Id. at ¶ 10(D).

On or around February 20, 2025, the DMV sent Plaintiff a Notice of Suspension, indicating that Plaintiff's operating privileges were scheduled to be suspended or revoked indefinitely.  Id. at ¶ 10(F).  The Notice advised Plaintiff that he would avoid these consequences if he satisfied certain conditions.  Id.  After receiving the Notice, Plaintiff requested and obtained an administrative hearing on the matter.  Id. at ¶ 10(G).  Following the hearing, he received a second Notice of Suspension.  Id.  Plaintiff requested another administrative hearing, but the DMV denied this request.  Id. at ¶ 10(H).  Plaintiff alleges that he had two separate phone conversations with DMV staff.  Id. at ¶ 10(H)-(I).  During one conversation, Plaintiff alleges he was told he had to "pay the Insurance Company."  Id. at ¶ 10(H).  During his second call, Plaintiff asked a DMV supervisor "under what law [the DMV and the state] have the right to suspend" his license and registration.  Id. at ¶ 10(I).  The supervisor informed him it was "protocol."  Id.  Shortly thereafter, Plaintiff filed the instant lawsuit.

In his Complaint, Plaintiff claims, among other things, that the Department of Safety "has acted as co-conspirator with other named Defendants to engage in the act of [e]xtortion[.]"  Id. at ¶ 7(C)(5).  Specifically, he alleges the Department "has allowed Insurance Companies to commit the State [and] Federal Crime of Attempted Extortion, Extortion, Theft, Theft by Deception, [and] Fraud by [k]nowingly allowing Insurance Companies to send Plaintiff . . . demand letters for [p]ayments" and by suspending Plaintiff's license and registration until payment is made in full.  Id. at ¶ 7(C)(3).  He asserts that the alleged extortion "is endangering [his] Health and Welfare and is Life Threating."  Id.

**DISCUSSION**

NSB moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Doc. No. 11.  NSB asserts that the Complaint identifies no cause of action against NSB, nor does it seek any specific relief as to NSB, and "therefore [the Complaint] fails to satisfy the federal pleading standard."  Doc. No. 11-1 at pg. 1.  Additionally, NSB argues that the facts, as alleged, do not give rise to any plausible cause of action against NSB.[2]  Id. at pgs. 3-4.  NSB requests that this court grant its motion to dismiss without leave to amend.  Id. at pg. 4.  Plaintiff did not respond to the motion to dismiss, and therefore, his objection is waived.[3]  LR 7.1(b) ("The court shall deem waived any objection not filed in accordance with [Rule 7.1].").

Plaintiff's allegations regarding NSB are sparse.  Plaintiff alleges that NSB sent him a Notice of Insurance claim, which demanded Plaintiff pay $15,016.92, the amount NSB paid out on behalf of its insured, State Farm Mutual.  Doc. No. 1 at ¶ 10(C).  Plaintiff also alleges that NSB sent the State of New Hampshire a letter requesting that Plaintiff's license be suspended or revoked after Plaintiff failed to pay the demanded amount.  Id. at ¶ 10(D).  These facts do not sufficiently state a cause of action against NSB, and the Complaint does not contain any other allegations regarding NSB's conduct that would give rise to a cause of action.

---

[2] NSB also argues that Plaintiff's Complaint concedes information that would lead to a conclusion that the suspension of his driver's license was in fact proper, and that this further supports granting its motion to dismiss because this suspension is the primary harm asserted.  Doc. No. 11-1 at pgs. 1, 4; see Doc. No. 1 at ¶¶ 1-6.  Because the court finds sufficient grounds for granting this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), it need not consider NSB's additional argument for dismissal at this time.

[3] Though Plaintiff did not object to NSB's motion to dismiss, "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim."  Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003).

Even the section of the Complaint titled "7. Claim. Cause of Action/allegations" does not shed light on any viable claims against NSB. See id. at ¶ 7. In this section, Plaintiff asserts several claims against the Department of Safety, but none specifically directed at NSB. Id. Further, in the sections titled, "Damages" and "Plaintiff's Requested Actions to be Taken by this Court," Plaintiff does not seek any relief related to NSB, nor does he request relief that NSB would be responsible for or capable of providing. See id. at ¶¶ 8-9. Instead, Plaintiff seeks, *inter alia*, restoration of his license and registration, an order directing "the Dep. of Safety to Cease & Desist all actions regarding Uninsured & Underinsured Motorists," and an order directing investigations into various government entities to determine whether "anyone is receiving benefits from any Business or Insurance Companies." Id. at ¶¶ 9(A)-(B), (E)-(G).

Therefore, even upon reviewing Plaintiff's Complaint with a degree of leniency afforded to pro se litigants, the Complaint lacks sufficient factual allegations demonstrating, beyond speculation, that NSB inflicted an articulable harm for which relief may be granted. Ashcroft, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); see also Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (explaining that "an adequate complaint" must contain enough factual information to demonstrate, beyond mere speculation, that a right to relief exists).

Further, to the extent that Plaintiff alleges NSB conspired with other named Defendants to engage in extortion, he alleges no facts to support a civil conspiracy claim.[4] Under New

---

[4] To the extent that Plaintiff alleges NSB engaged in criminal conspiracy to obstruct, delay, or affect commerce by extortion under 18 U.S.C.A. § 1951(a), Plaintiff may not prosecute such a claim on his own accord. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (stating that "in American jurisprudence[,] . . . private citizen[s] lack[] a judicially cognizable interest in the prosecution . . . of another[]").

Hampshire law, the "essential elements" of a civil conspiracy are: "[(1)] two or more persons . . .; (2) an object to be accomplished (i.e. an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an *agreement* on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." Jay Edwards, Inc. v. Baker, 534 A.2d 706, 709 (N.H. 1987) (emphasis in original). Although Plaintiff alleges that the Department of Safety "has acted as co-conspirator with other named Defendants to engage in the act of [e]xtortion which involves [i]nterstate [c]ommerce," Doc. No. 1 at ¶ 7(C)(5), this legal conclusion is unsupported by any factual allegations. For example, Plaintiff alleges no facts to suggest that there was an agreement between NSB and other named Defendants to accomplish either an unlawful object or a lawful object by unlawful means. See Doc. No. 1. As such, Plaintiff failed to state a viable claim for civil conspiracy because the facts alleged do not suffice to establish the "material element[s] necessary to sustain recovery under some actionable legal theory." Adams, 1997 WL 351633 at *1 (internal quotation marks omitted). Therefore, for the reasons above, the court recommends that the district judge grant NSB's motion to dismiss for failure to state a claim.

### CONCLUSION

For the foregoing reasons, this court recommends that the district judge grant Defendant NSB's motion to dismiss without prejudice (Doc. No. 11).[5] Any objections to this Report and

---

[5] NSB requested that the court grant its motion to dismiss with prejudice. Doc. No. 11. "[I]n the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice." Karvelas, 360 F.3d at 241; but see Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is . . . with prejudice unless it specifically orders dismissal without prejudice."). "To determine whether a defendant will suffer legal prejudice, courts consider several factors, including the defendant's effort and expense in preparing for trial, the plaintiff's diligence in prosecuting the action, the sufficiency of the [] explanation of the need for dismissal, and whether the defendant has filed a motion for summary judgment." Graham v. MaineHealth, No. 2:24-cv-00128-JAW,

Recommendation must be filed within fourteen (14) days of receipt of this notice.  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 7, 2026

cc:    William E. Fortune, pro se
       Counsel of Record

---

2025 WL 3561638, at *3 (Dec. 12, 2025); see Colon-Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc., 723 F.3d 82, 88 (1st Cir. 2013).  "Prejudice does not mean having to defend against a case that the court deems weak." Colon-Cabrera, 723 F.3d at 90.  Here, NSB has not sufficiently articulated reasons demonstrating that it will suffer legal prejudice.  Therefore, this court recommends that the district court exercise its discretion to dismiss NSB's motion to dismiss without prejudice.