**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


WILLIAM E. FORTUNE


      v.                                        Case No. 25-cv-00377-SM-TSM


NH DEPARTMENT OF SAFETY, ET AL.


**REPORT AND RECOMMENDATION ON MOTION**
**TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Self-represented Plaintiff, William E. Fortune, was involved in an automobile accident in July 2024.  Doc. No. 1 at ¶ 10.  Sometime after the accident, National Service Bureau ("NSB") sent Plaintiff a Notice of Insurance Claim on behalf of NSB's client, State Farm.  Id.  The Notice demanded that Plaintiff pay $15,016.92, which represented the amount State Farm paid on behalf of its insured.  Id.  Plaintiff did not pay, and NSB requested that the New Hampshire Department of Safety, DMV, Administration, Financial Responsibility Division ("DMV") suspend Mr. Fortune's license and driver registration, which the DMV did.  Id.  The DMV required Mr. Fortune to meet several conditions to lift the suspension.  Id.  Rather than satisfy the conditions, Mr. Fortune filed the instant suit against the DMV, NSB, New Hampshire Governor Kelly Ayotte, and State Farm, seeking, among other things, to restore his driver's license and registration.  Id.

While pursuing his lawsuit against Defendants, Mr. Fortune claimed that he properly served Governor Ayotte, the DMV, and NSB, but that these Defendants (the "Defaulting Defendants") did not timely respond to his lawsuit.  Doc. No. 9.  Accordingly, Mr. Fortune filed motions for default judgment against the Defaulting Defendants.  Doc. Nos. 9, 12, 15.  On January 27, 2026, the undersigned magistrate judge recommended (the "R&R") that the district judge deny

Mr. Fortune's motions for entry of default judgment without prejudice, and the district judge approved the recommendation on February 24, 2026 (the "Order"). See Doc. Nos. 16, 20. Mr. Fortune filed his objection to the R&R on February 20, 2026, after the objection deadline. Doc. No. 19. Mr. Fortune filed a second objection to the R&R on March 6, 2026, but the district judge declined to consider the second objection, noting it "was not timely filed." End. Ord. 3/12/26

On April 3, 2026, Mr. Fortune filed a Notice of Appeal to the First Circuit Court of Appeals, which he amended on May 18, 2026, in which he appeals the February 24, 2026 Order (Doc. Nos. 24, 30). On June 15, 2026, Mr. Fortune filed a Supplemental Notice of Appeal in which he appeals the endorsed order issued on May 13, 2026. Doc. No. 34. Mr. Fortune now moves to proceed in forma pauperis ("IFP") on appeal. Doc. No. 33. The IFP appeal motion was referred to the undersigned magistrate judge. For the reasons that follow, the district judge should deny Mr. Fortune's motion for IFP status on appeal.

## BACKGROUND

### *Motions for Default Judgement and the Court's R&R*

Between October and November 2025, the court issued summonses directing Mr. Fortune to serve Defendants DMV, NSB, and Governor Ayotte, in accordance with Federal Rules of Civil Procedure. Doc. Nos. 2, 6. Mr. Fortune filed returns of service purporting to show service on all parties. Doc. Nos. 7, 8, 14. On November 26, 2025, Plaintiff filed a letter that was docketed as a motion for default judgment, asserting that NSB, Governor Ayotte, and the DMV failed to respond to the Complaint, and he filed a similar motion regarding State Farm on January 12, 2026. Doc. Nos. 9, 12, 15. In these motions, Mr. Fortune requested that the court enter default judgment under Rule 55, award him $2.5 million in damages, and order the immediate restoration of his driving privileges. Doc. Nos. 9, 15.

2

On January 27, 2026, the undersigned magistrate judge issued its R&R recommending that the district court judge deny Mr. Fortune's motions for default judgment without prejudice. Doc. No. 16. The court reasoned that Mr. Fortune never obtained an entry of default from the clerk under Rule 55(a), which is a prerequisite to obtaining a default judgment under Rule 55(b), rendering his motions for default judgment premature. Doc. No. 16 at pg. 5. The court further explained that the district judge should deny Plaintiff's motion for default judgment as to NSB for the additional reason that NSB appeared in the action and responded to the Complaint by filing a motion to dismiss (Doc. No. 11).[1] Id. The R&R concluded by advising the parties that any objections to the R&R must be filed within fourteen days. Id. at pg. 6; see Fed. R. Civ. P. 72(a).

### *Mr. Fortune's Objection to the R&R*

Mr. Fortune filed his objection to the R&R on February 20, 2026, after the objection deadline.[2] Doc. No. 19. Mr. Fortune objected to nearly every aspect of the R&R, arguing that the court improperly denied his motions for default judgment and mischaracterized the facts of the case. Id. He contends that the DMV and Governor Ayotte were properly served by a sheriff, that NSB failed to respond within the time required by the summons, and that Rule 55 required the clerk to enter default. Id. at ¶¶ 5, 8-9. Mr. Fortune asserted that this court and the Office of the Clerk refused to follow the Federal Rules of Civil Procedure, particularly Rule 55, and that this court's recommendation incorrectly questioned the validity of service and default. Id. at ¶¶10-11.

---

[1] This court issued a separate Report and Recommendation recommending the district court grant NSB's motion to dismiss. Doc. No. 23. The district court judge adopted the recommendation and dismissed NSB as Defendant. Doc. No. 28. Mr. Fortune filed a late objection to the R&R granting the motion to dismiss (Doc. No. 29). On May 13, 2026, the district judge issued the following endorsed order regarding Plaintiff's late objection, "Reviewed; no action required." End. Ord. 5/13/2026. Mr. Fortune appeals this endorsed order. See Doc. No. 34.

[2] Although Mr. Fortune submitted a second objection to the R&R on March 6, 2026, the district judge refused to review it on the grounds that it was untimely. Doc. No. 21; End. Ord. 3/12/2026

He further argued that NSB was properly served under Rule 4(h), that defense counsel made false statements regarding service requirements, and that the court improperly considered defendants' filings despite their allegedly untimely responses. Id. at ¶14. Beyond these procedural objections, Mr. Fortune accused this court of being biased, of abuse of process, fraud, and protecting alleged "extortionists." Id. He further claimed that government agencies and court officials violated his constitutional rights and due process rights and stated his intention to seek investigations and intervention by other branches of government and to pursue personal liability against those involved. Id. After due consideration of Mr. Fortune's late objection, the district court judge approved this court's recommendation on March 6, 2026, and denied Mr. Fortune's motions for default judgment. Doc. No. 20.[3]

### *Mr. Fortune's Appeal and Motion to Proceed IFP*

Mr. Fortune filed a Notice of Appeal on April 3, 2026, which he corrected on May 18, 2026. Doc. Nos. 24, 30-31. The corrected Notice of Appeal (Doc. Nos. 30-32) indicates Mr. Fortune's intent to appeal the district judge's adoption of the January 27, 2026 R&R (Doc. Nos. 16, 20). On June 15, 2026, Mr. Fortune filed the instant motion asking to proceed IFP on appeal. Doc. No. 33. That same day, Mr. Fortune also filed a supplemental notice of appeal, restating his contention that the State of New Hampshire "illegally" suspended his driver's license and vehicle registration and purporting to appeal the court's May 13, 2026 endorsed. See Doc. No. 34.

### LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1) and Rule 24(a) of the Federal Rules of Appellate Procedure, federal courts may authorize a litigant to proceed on appeal without prepayment of fees upon

---

[3] The Clerk of Court declined to enter default against the remaining Defendants on April 21, 2026, stating that she was unable to find that Mr. Fortune had properly served them. Doc. No. 25.

submission of an affidavit demonstrating an inability to pay.  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 196 (1993).  In determining whether an applicant may proceed on appeal without pre-paying the filing fee, courts examine the applicant's objective good faith.  See 28 U.S.C. § 1915(a)(3); see also Coppedge v. United States, 369 U.S. 438, 445, 448 (1962).

An appeal is taken in good faith when the appellant seeks review of at least one issue that is not frivolous.  See Coppedge, 369 U.S. at 445.  Conversely, an appeal is not taken in good faith when it presents no nonfrivolous issue for appellate review.  See id.  Accordingly, in determining whether to grant leave to proceed IFP on appeal, the court considers the applicant's financial circumstances, whether the applicant has complied with the requirements of Fed. R. App. P. 24(a), and whether the appeal presents any issue with an arguable basis in law or fact.  See Kersey v. Republican Nat'l Comm., No. 24-CV-10387-AK, 2024 WL 4693848, at *1 (D. Mass. Oct. 29, 2024) (applying Rule 24(a)(1) and § 1915(a)(3)'s good-faith requirement in evaluating a motion to proceed in forma pauperis on appeal).

## DISCUSSION

### I.    Ability to Pay

Mr. Fortune adequately demonstrated an inability to pay his appellate filing fees.  Fed. R. App. P. 24(a)(1)(A).  While one need not be "absolutely destitute" to proceed IFP, Adkins v. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), a cost barrier to filing a lawsuit discourages meritless claims.  In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971).  Therefore, a court must strike a balance between "fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).  Delineating the level of poverty required of a litigant to qualify for IFP status is not an easy task, but generally,

a litigant must be in such a state of poverty that prepaying the particular filing fee and costs of service would deprive them of "basic human needs." Id. at 851. Here, Mr. Fortune's affidavit states under penalty of perjury that he cannot prepay the appellate filing fees and represents that his sole source of income is approximately $1,000.00 per month in Social Security benefits. Doc. No. 33 at ¶¶ 1-2. He further states that he is unmarried and has no dependents or other household members. Id. at ¶ 3. These representations sufficiently demonstrate an inability to pay the fees associated with an appeal. See United States v. Scharf, 354 F. Supp. 450, 453 (E.D. Pa.) (stating "statutes involving proceedings in forma pauperis have been liberally construed and the petitioner is given every benefit of the doubt in order to decide his petition in his favor").

## II.    Noncompliance with Rule 24(a)

Although Mr. Fortune demonstrated his inability to pay his appellate filing fees, his motion to proceed IFP on appeal should be denied because his submission does not satisfy all the requirements of Federal Rule of Appellate Procedure 24(a)(1).[4] Under Rule 24(a)(1), a party seeking to appeal in forma pauperis must file a motion in the district court accompanied by an affidavit that: (A) demonstrates the party's inability to pay or provide security for fees and costs, (B) claims an entitlement to redress, and (C) states the issues the party intends to present on appeal. See Fed. R. App. P. 24(a)(1)(A)-(C). A party who fails to satisfy these requirements is not entitled to proceed IFP on appeal. See Kersey, 2024 WL 4693848, at *1.

---

[4] Because Mr. Fortune paid the required filing fee for filing his Complaint, the court will evaluate his motion under Fed. R. App. P. Rule 24(a)(1) (which governs standard appeals as a matter of right) rather than Rule 24(a)(3), which authorizes individuals to proceed IFP on appeal without if they were "permitted to proceed [IFP] in the district-court action." See Clervrain v. Raimondo, No. CV 22-124JJM, 2026 WL 1498384, at *1 (D.R.I. May 27, 2026) (explaining that when an appellant did not proceed in forma pauperis in the underlying district court action, a request to proceed IFP on appeal is governed by the procedural requirements of Rule 24(a)(1)).

Mr. Fortune's affidavit does not satisfy the technical requirements of Rule 24(a)(1). To comply with the rule, an appellant must identify a valid legal basis entitling them to relief and clearly state the issues they intend to present on appeal. Fed. R. App. P. 24(a)(1)(B)-(C). Mr. Fortune does neither. Therefore, although Mr. Fortune demonstrated an inability to pay, his motion to proceed IFP on appeal should be denied. See Darling v. Zavaleta, No. 24-CV-21541, 2024 WL 4165106, at *2 (S.D. Fla. Aug. 27, 2024) (denying application for failure to provide a claim of entitlement to relief and statement of issues intended for appeal as required by Rule 24(a)(1)(B) and (C)); see also Kersey, 2024 WL 4693848, at *1 (denying application because appellant does not meet the necessary requirements under Rule 24).

### III.    Lack of Good Faith

Even if the court looks past Mr. Fortune's technical non-compliance with Rule 24 and views his appeal liberally in light of his status as a self-represented litigant, the IFP motion should still be denied because the appeal is not taken in good faith. 28 U.S.C. 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. 1915(a)(3); see Coppedge, 369 U.S. at 445. "An appeal is frivolous if it is grounded on an indisputably meritless legal theory or factual allegations that are clearly baseless." Stow v. McGrath, No. 17-CV-088-LM, 2020 WL 13804752, at *1 (D.N.H. Jan. 27, 2020) (citing Santiago-Lugo v. United States, 94 F. Supp. 3d 156, 158 (D.P.R. 2015)).

Mr. Fortune did not state a basis for his appeal or identify specific ways in which the district court erred. See Mitchell v. Cnty. of Douglas, No. 8:23-CV-332, 2024 WL 2018725, at *1 (D. Neb. Apr. 23, 2024) (stating that the court cannot determine whether appeal is in good faith without knowing which issues movant intends to present on appeal). Therefore, the court carefully reviewed the objection to the R&R (Doc. Nos. 19, 21), motion to proceed IFP (Doc. No. 33), and

supplemental notice of appeal (Doc. No. 34) to discern the issues he seeks to raise.  See Everett J. Prescott, Inc. v. Beall, No. 1:25-CV-00071-JAW, 2025 WL 2085275, at *11 (D. Me. July 24, 2025) (citing Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (stating that our judicial system zealously guards the attempts of pro se litigants)).

Read together, those filings appear to contend that the court erred in recommending denial of his motions for default judgment because, Mr. Fortune argues, service on the remaining Defendants was proper and the Clerk of Court was required to enter default under Rule 55, and therefore, the court improperly considered defendants' filings despite their allegedly untimely responses. See Doc. No. 21 at ¶¶ 3-14.  Mr. Fortune also reiterates his contention that the State of New Hampshire "illegally" suspended his driver's license and vehicle registration and purports to appeal the court's May 13, 2026 endorsed.  See Doc. No. 34.

None of these arguments demonstrate that the proposed appeal is taken in good faith.  As explained in the R&R, Mr. Fortune was not entitled to default judgment because he had not obtained an entry of default from the Clerk as required by Federal Rule of Civil Procedure 55(a), and also because NSB appeared and responded to the Complaint by filing a motion to dismiss. See Doc. Nos. 16, 20.  Mr. Fortune's present filings largely reiterate arguments that were previously considered and rejected, and do not identify any nonfrivolous legal or factual basis for challenging those rulings.  See Desmond v. United States, 333 F.2d 378, 381 (1st Cir. 1964) (citing Coppedge, 369 U.S. at 448) (stating that appellants are to be heard if they make "a rational argument on the law or facts").  Likewise, his assertions that the State of New Hampshire "illegally" suspended his driver's license and vehicle registration were not decided by the order from which he appeals (Doc. Nos. 16, 20) and thus provide no basis for appellate review.  Finally, the May 13, 2026 endorsed order merely reflected that the district judge reviewed Mr. Fortune's

8

untimely objection to the R&R granting the motion to dismiss and determined that no further action was required. The May 13, 2026 endorsed order did not resolve any new claim or issue that would provide a nonfrivolous basis for appeal. Accordingly, even construing Mr. Fortune's filings liberally, the court concludes that the proposed appeal does not present a nonfrivolous issue with an arguable basis in law or fact and therefore is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

## CONCLUSION

For all the reasons detailed herein, this court recommends that the district judge deny Plaintiff's motion to proceed in forma pauperis on appeal (Doc. No. 33). Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

Talesha L. Saint-Marc
United States Magistrate Judge

July 14, 2026

cc:    William E. Fortune, pro se
       Counsel of record

9